NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0714n.06

08-6207

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Nov 03, 2009**
LEONARD GREEN, Clerk

DEWAN L. ROBBINS,                         )
                                          )
    Plaintiff-Appellant,               )
                                          )
v.                                        )   ON APPEAL FROM THE UNITED
                                          )   STATES DISTRICT COURT FOR THE
                                          )   EASTERN DISTRICT OF KENTUCKY
DENISE BLACK, Nurse; RONALD               )
FLEMING, M.D.; KEITH HELTON, Unit         )
Director; DAVID GREEN, Unit Director.     )
                                          )
    Defendants-Appellees.              )


Before:  DAUGHTREY, SUTTON, and McKEAGUE, Circuit Judges.


**PER CURIAM.**  In this section 1983 action, filed *pro se*, prison inmate Dewan L.

Robbins challenges the district court's grant of summary judgment to the four defendants,

Dr. Ronald Fleming, nurse Denise Black, and two unit officials at the Kentucky state prison

where Robbins was incarcerated at the time of the events giving rise to this litigation.

Robbins fell and injured himself while attempting to climb onto a top bunk.  He sued for

damages, alleging that in assigning him a top bunk, the defendants were deliberately

indifferent to his medical needs and thereby violated his rights under the Eighth and

Fourteenth Amendments.  Because the record does not indicate that the plaintiff had a

serious medical need for a bottom bunk or that any of the defendants showed subjective,

deliberate indifference to the plaintiff's medical needs, we conclude that the district court properly granted summary judgment to the defendants. We also find that the plaintiff's retaliation claim fails on its merits. We therefore affirm the judgment of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

The district court painstakingly set out the facts supporting the order granting summary judgment, and we need provide only a summary here. The record, viewed in the light most favorable to the plaintiff, indicates that Robbins had suffered several injuries to his neck, back, and Achilles heel many years prior to the time that he was processed at the Little Sandy Correctional Complex in Sandy Hook, Kentucky. At intake, he informed officials about his history and requested assignment to a bottom bunk, claiming medical necessity. A registered nurse who was part of the intake staff noted that Robbins reported "hx of neck injury, [A]chilles tendon repair, and knee injury" and assigned him "permanently" to a bottom bunk. For reasons not apparent in the record, Robbins was later reassigned to a top bunk, and when he complained about it to the unit director, David Green, he was told that he would have to be re-evaluated by medical personnel and prescribed a bottom bunk for medical reasons in order to be reassigned.

As a result, when Robbins was evaluated by Dr. Fleming, he told Dr. Fleming that he "want[ed] a bottom bunk due to neck and knee and foot pain due to multiple injuries" and that "getting down off the top bunk jars his injuries." Dr. Fleming's examination showed that Robbins could "ambulate[] well without difficulty" and "stand[] erect without

- 2 -

difficulty." Fleming denied Robbins a bottom bunk prescription, on the ground "that he does not fit the criteria given by the DOC for bottom bunks and that if I were to give him one then I would have to give the next individual one as well and that there is [sic] not that many bottom bunks out there on the yard."

In evaluating Robbins, Dr. Fleming was following Kentucky Department of Corrections criteria, which provided:

> Bottom bunk assignments shall be medically necessary for inmates with the following conditions:
> 1. Seizure Disorder
> 2. Amputees
> 3. Wheelchair bound
> 4. Class IV Cardiac Disease
> 5. Immediate Post-Op Patient (order good for 3 month duration only)
> 6. Blindness

Robbins has never claimed that he meets any of the bottom-bunk mandatory criteria. Nor, in Dr. Fleming's judgment, did he qualify for discretionary assignment to a bottom bunk, which under the prison's regulations was available to "elderly frail patients" and those with "class III cardiac disease," "chronic orthopedic conditions that severely limit mobility," and "severe obesity." Although Robbins claimed to qualify on the basis of a chronic orthopedic condition and obesity, he did not establish that his mobility was *severely* limited or that he was *severely* obese.

Robbins nevertheless filed a grievance challenging Dr. Fleming's determination, but before the grievance could be resolved, Robbins fell from a prison-issued plastic chair, which was, he maintained, the only way to get onto his top bunk. The chair broke under his weight, and he fell to the floor, re-injuring his neck and back. He received treatment from prison medical staff and was assigned to a lower bunk temporarily. Later that same month, the Kentucky Department of Corrections transferred Robbins out of the Little Sandy facility, a decision Robbins claimed was a deliberate attempt to hinder his grievance proceedings against Dr. Fleming.

Robbins then filed suit, alleging that defendants deprived him of his constitutional rights by failing to accommodate his medical need for assignment to a bottom bunk and failing to provide adequate medical treatment after his fall. The district court granted each defendant's motion for summary judgment and dismissed Robbins's complaint. He now appeals that order but only as to the district court's ruling on his bunk assignment. He also continues to claim that the post-incident transfer from Little Sandy to another state prison facility was intended to interfere with his right to pursue his grievance against Dr. Fleming and the other three defendants – an issue that the district court did not address.

## DISCUSSION

We review the district court's grant of summary judgment *de novo. See Ciminillio v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as

a matter of law. *See* Fed. R. Civ. P. 56(c). To determine whether a genuine issue of material fact exists, we review the evidence in the light most favorable to the non-moving party, in this case the plaintiff. *See Ciminillo*, 434 F.3d at 464. In this case, the defendants do not challenge the facts, and we are therefore able to address purely legal conclusions to be drawn from those facts.

## Deliberate Indifference to a Serious Medical Need

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of rights secured by the Constitution or the laws of the United States by a person acting under color of state law. *See Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Inmates seeking to show an Eighth Amendment violation resulting from inadequate medical care must prove that the defendants acted with "deliberate indifference" regarding an imminent risk of serious harm to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 837 (1970). In addition, claims of deliberate indifference require "a showing of objective and subjective components." *Phillips v. Roane County*, 534 F.3d 531, 539 (6th Cir. 2008). The objective component of the test requires a plaintiff to demonstrate "a 'sufficiently serious' medical need such that [the plaintiff] is 'incarcerated under conditions posing a substantial risk of serious harm.'" *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004)). The subjective component requires a showing that prison officials acted with "'a sufficiently culpable state of mind in denying medical care'," *i.e.*, "a degree of culpability

greater than mere negligence**,** but less than 'acts or omissions for the very purpose of causing harm or with knowledge that harm will result'.'" *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005) (quoting *Farmer*, 511 U.S. at 843-835).

The plaintiff in this case cannot satisfy these initial inquiries, the first of which requires him to establish an objectively serious need for medical care – one that "has been diagnosed by a physician as mandating treatment" or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore*, 390 F.3d at 897. The district court found that Robbins had failed to establish a serious medical need for a lower bunk, and nothing in the record indicates that this finding is in error. Just days before Robbins fell, Dr. Fleming examined Robbins and concluded that he did not meet Department of Corrections criteria for such an assignment and that he had no independent medical need for a bottom bunk. Dr. Fleming based this conclusion on the fact that Robbins had no difficulty standing or ambulating despite his history of injury and surgery some 20 years earlier. Even Robbins's own narrative of the direct cause of the injury, the collapse of a chair on which he was standing, does not suggest that mobility issues prevented him from climbing into the top bunk. The only evidence to the contrary comes from a notation in Robbins's prison record made by a nurse who processed Robbins when he arrived at the prison a year earlier. But, even if someone reasonably thought initially that Robbins should be assigned a bottom bunk, Dr. Fleming's subsequent findings indicate that Robbins had no medical need for a bottom bunk at the time of the accident involving the broken chair.

The law in this area is well-established and provides that "[m]ere negligence or malpractice is insufficient to establish an Eighth Amendment violation." *Bowman v. Corrections Corp. of America*, 350 F.3d 537, 544 (6th Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The actual cause of the injury in this case was the plaintiff's accidental fall when the chair on which he was standing collapsed. The courts recognize, however, that "[a]n accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Estelle*, 429 U.S. at 105.

As for the second, subjective standard, we find nothing in the record to suggest that defendants acted with the requisite intent required to support a claim of deliberate indifference. That standard calls for a state of mind that evinces "deliberateness tantamount to intent to punish." *Miller*, 408 F.3d at 813 (quoting *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir.1994)). At the time Robbins fell, Dr. Fleming had examined him and concluded that his condition did not mandate assignment to a bottom bunk. Because Robbins was not entitled to a bottom bunk under established prison-wide policy, it is highly unlikely that Robbins's top-bunk placement resulted from ill-will toward him individually. We thus conclude that Dr. Fleming's failure to authorize a bottom bunk for Robbins did not reflect deliberate indifference to his medical needs.

The actions of non-medical staff who, in accordance with Dr. Fleming's conclusion, failed to assign Robbins to a bottom bunk similarly did not constitute deliberate

indifference.  Non-medical staff are entitled to assume that members of the medical staff are performing their duties properly unless they have reason to know otherwise.  *See Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1248-1250 (6th Cir. 1989).  Just as there is no evidence that Dr. Fleming was derelict in his duties, there is no evidence that non-medical staff "had reason to know otherwise."  They were therefore entitled to follow his recommendation that Robbins did not medically require a bottom bunk.

Because we conclude that the plaintiff did not and cannot establish that the medical and administrative personnel at Little Sandy acted in violation of his constitutional rights, we further conclude that the district court did not err in determining that Robbins had not made out a claim under section 1983.  It follows that the court correctly entered summary judgment in favor of the defendants.

**Interference with the Grievance Process**

On appeal, Robbins also asserts that the Department of Corrections deliberately transferred him from the Little Sandy facility to another state prison in an effort to thwart his successful use of the grievance process.  His allegations most closely approximate a retaliation claim, *i.e.*, that because he exercised his right to challenge the conditions of his confinement, prison officials took an adverse action against him.  *See, e.g.*, *Thaddeus-X v. Blatter*, 175 F.3d 378, 386-387 (6th Cir. 1999) (*en banc*) ("The essence" of a retaliation claim "is that the plaintiff engaged in conduct protected by the Constitution or by statute, the defendant took an adverse action against the plaintiff, and this adverse action was

taken (at least in part) because of the protected conduct."). However, in his original complaint, Robbins did not allege facts indicating a causal link between his invocation of the prison's grievance procedure and his transfer, nor did he explain the extent to which the transfer adversely affected him or impeded his appeal.

Moreover, our reading of the record suggests that he actually *did* maintain his grievance after his transfer. However, it was ultimately declared moot by the Commissioner of the Kentucky Department of Corrections because Robbins failed to designate a representative at Little Sandy "to act for him," as required by corrections department regulations. In any event, because the plaintiff offered no evidence to support his allegation that the transfer was anything other than "routine," as indicated by prison documents, his claim of retaliation fails on its merits.

## **CONCLUSION**

For the reasons set out above, we AFFIRM the judgment of the district court.